Argued and submitted May 16, affirmed August 4, 1980

GUFFIN,
*Appellant,*
*v.*
HUTCHINSON,
*Respondent.*

(No. A 7808-13014, CA 15814)

614 P2d 630

William B. Wyllie, Salem, argued the cause and filed the brief for appellant.

Thomas K. Hooper, Portland, argued the cause for respondent. With him on the brief was Hutchinson & Hutchison, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

Plaintiff appeals from a judgment dismissing his complaint following the trial court's sustaining defendant's demurrer to the second amended complaint and plaintiff's declining to plead further. We affirm. The complaint alleges that the defendant, an attorney licensed to practice law in the state of Oregon, agreed and undertook to act as an escrow agent to receive certain releases from plaintiff to be delivered to his client, Atlas Hotel Supply, "after he had secured satisfaction of certain conditions." It then alleges that those conditions are set forth in Exhibit "A" attached to the complaint. Exhibit "A" is a letter from plaintiff's attorney to defendant. That letter is as follows:

"June 18, 1973

"Mr. Harold D. Hutchinson
Atlas Hotel Supply
P. O. Box 8708
Portland, Oregon 97208

"Re: Andy Guffin—Andy's Restaurant

"Dear Mr. Hutchinson:

"I enclose herewith signed releases which are being delivered on the express condition that the obligation of Andrew D. Guffin to Automatic Cigarette Service (Canteen) be satisfied and Mr. Guffin held harmless by your client, Atlas Hotel Supply.

"It is further understood that within six months from the date hereof, or in the event of a threat to sell the stock, you will secure the release to Mr. Guffin of the following stock:

"(a)   51 shares Owen Corporation
"(b)   22 shares Cooper Tire & Rubber Co.
"(c)   93 shares Affiliated Fund
"(d)   100 shares Goddard Industries

"In accordance with our telephone conversation, I have disbursed the funds sent me by Marty Van Zeipel.

"Yours truly,

"William B. Wyllie

"WBW/mam
"cc  Martin VanZeipel
      Andrew D. Guffin"

It is clear from the complaint, as well as oral argument, that plaintiff relies on Exhibit "A" to the complaint to support his contention that defendant agreed to act as an escrow agent. We think it is clear from the letter that the releases enclosed with the letter were delivered conditionally to Atlas Hotel Supply through its attorney. Assuming, as alleged, that none of the conditions was fulfilled, the releases are of no effect. The demurrer was properly sustained.

Affirmed.